NAMES OF PARTIES IN PROCESS AND PROCEEDINGS.

W. M. HOYT AND C. WATROUS, former partners under the firm name of HOYT & CO.,
v.
JACOB WILLIAMS, J. S. BENEDICT AND I. N. MARTIN.

*In the District Court of Lincoln County.*

Motion to set aside the summons in said action as to defendants J. S. Benedict and I. N. Martin for irregularity in this, that the Christian names of each of the plaintiffs, and of the said Benedict and Martin, are not given in said summons.

The motion is solely founded on an alleged copy of the summons, indorsed by the sheriff that " this summons came to my hand this 18th day of February, 1878, and is a true copy of the original." There is no return of any service upon anybody. There is no affidavit of service upon which to support the motion or ground an order.

It is only from the time of the service of the summons, that the court is deemed to have acquired jurisdiction. Neither the court nor the judge has control of the proceedings until

legal service be shown. There is no legal proof even, that the alleged summons before me is a true copy. The sheriff's cer- tificate is not competent. If the summons has been served on J. S. Benedict and I. N. Martin, why should they not adopt the usual course by making affidavits of the fact and disclos- ing their own Christian names, and by stating what protection, of their rights they seek ?

..But the same irregularity of the plaintiffs thus sought to, be remedied, the attorneys for this motion have likewise fallen· into. They appear specially for J. S. Benedict and I. N. Martin. Asserting a rule, they violate it themselves. If it is, essential that in all legal process and proceedings, the full, true names of all the parties should be given, how can these, defendants, in invoking the principle, escape from its force· and ignore its applicability as to themselves.

There is a further motion for an order to show cause, at chambers, why proceedings should not be stayed until the, hearing and decision of the first motion at the next October, term. There is nothing before me to support either motion, except as above stated. These papers are clearly insufficient, and there should be a proper affidavit. When the matter is legally presented, it will be time enough to consider what is a suitable remedy. Motions denied. PETER C. SHANNON, Judge.*