## RECKITT V. KNIGHT *et al.*

1. Comp. Laws, § 1639, provides a form for tax deeds, and requires that .it be substantially followed, and that it be conclusive evidence of the facts therein recited. Held that, both under the statute and by the general principles of law, the recitals in such a deed cannot be controverted in an action to quiet the title to the land, though they may show the sale to have been made in contravention of later statutes.

2. A later statute (Laws 1891, p. 66, §§ 113, 114) provides that the county cannot become a competitive bidder at a tax sale. A tax deed recited in effect, that the county had purchased the land as a competitive bidder. Held that, though the recitals in the deed were in conformity with the form provided in Comp. Laws, § 1639, the deed was nevertheless void on its face, since it must have been the legislative intent that the form should change to meet later enactments.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Brown county; Hon. A. W. CAMPBELL, Judge.

Action by Francis Reckitt against A. M. Knight and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

*French & Orvis,* for appellant.

Under the statutes of South Dakota, in force in 1891, Secs. 106-111, Chap. 14, laws of 1891, a county treasurer at a tax sale was only authorized to purchase or bid in for the county, lands when there were no other bidders offering the amount of taxes due, including penalty, interest and costs. This statute is almost, if not quite identical with the statute of Oklahoma, as set out in the case of Hamenkrat v. Hamil, 61 Pac. 1050; McGill v. Martin, 14 Kan. 67; Norton v. Friend, 13 Kas. 532; McCauslin v. McGuire, 14 Kas. 234; Babbitt v. Johnson, 15

Kas. 252; Dyke v. Whyte, 29, Pac. 128; Black on tax titles, sec. 395.

A notice of tax sale is jurisdictional, and that a tax deed may be questioned on any jurisdictional ground, even though it does not appear upon the face of the deed, and even if the three years statute of limitations has run, is expressly held in Roberts v. Bank, 79 N. W. 1049; Sweigle v. Gates, 84 N. W. 481; Sheets v. Paine, 86 N. W. 117; Dever v. Cornwall, 86 N. W. 227.

*H. H. Potter*, and *Ira O. Curtis*, for respondents.

In the absence of a statute requiring it a tax deed need not recite all prior proceedings but will be sufficient if it shows authority to sell. Cooley Taxation, 353; Madland v. Benland, 24 Minn. 372.

Sec. 50, of the Laws of Wisconsin of 1859, Chap. 22, provides the form of a tax deed and the form is substantially like ours. In both these cases the lands were bid in by the county treasurer, the deeds recited that fact without reciting the particulars of the assignment or the conditions which, under the law, authorized the treasurer to bid for the county, and both deeds were held sufficient and valid. Frentz v. Klotsch 28, Wis. 312; Knox v. Hindekoper 21 Wis. 534.

That none of the alleged defects or irregularities relied upon by plaintiff as constituting a defective exercise of the taxing power in this case are sufficient to prevent the running of the statute of limitations, see the following cases: O'Conto Company v. Girard 46 Wis. 317; Platt v. City of Milwaukee, 68 N. W. 392; Ruggles v. Fond du Lac, 23 N. W. 416; Knox v. Cleveland, 13 Wis. 245; People v. Turner, 117 N. Y. 227; Barrow v. Wilson, 2 So. Rep. 809; McDougal v. Montelzon, 3 So.

Rep. 273; Maxson v. Houston, 22 Kan. 644; Pillow v. Roberts, 13 How. 472; Hill v. Atterbury, 88 Wis. 120.

FULLER, J. The controlling question in this action between rival real estate claimants is whether the following duly executed tax deed, upon which respondents rely, and by virtue of which title to the premises was quieted in the respondent Chase Morrill, is void upon its face: "Whereas, Fred Tydeman did on the 25th day of June, A. D. 1894, produce to the undersigned, Alfred Abraham, treasurer of the county of Brown, in the state of South Dakota, a certificate of purchase in writing, bearing date the 2nd day of November, 1891, signed by John A. Fylpaa, who at the last mentioned date was treasurer of said county, from which it appears that Brown county did on the 2nd day of November, 1891, purchase at public auction, at the door of the courthouse in said county, the tract, parcel, or lot of land lastly in this indenture described, and which lot was sold to Brown county, for the sum of one hundred and thirty one 64-100 dollars, being the amount due on the following tract or lot of land returned delinquent for the non-payment of taxes, costs, and charges for the year 1890, to-wit, lot number nine (9), block seven (7), original plat of Aberdeen; and said certificate of sale was duly assigned to E. I. Bunker, and was duly assigned by him to Fred Tydeman; and it appearing that the said Fred Tydeman is the legal owner of such certificate of purchase, and the time fixed by law for redeeming the land therein described having now expired, and the same not having been redeemed as provided by law, and the said Fred Tydeman having demanded a deed for the tract of land mentioned in said certificate, and which was the least quantity of

the tract above described that would sell for the amount due thereon for taxes, costs, and charges, as above specified; and it appearing that said lands were legally liable for taxation, and had been duly assessed and properly charged on the tax book or duplicate for the year 1890, and that said lands have been legally advertised for sale for taxes, and were sold on the 2nd day of November, 1891: Now, therefore, this indenture, made this 25th day of June, 1894, between the State of South Dakota, by Alfred Abraham, the treasurer of said county, of the first part, and the said Fred Tydeman, party of the second part, witnesseth that the said party of the first part, for and in consideration of the premises, and the sum of one dollar in hand paid, hath granted, bargained, and sold, and by these presents doth grant, bargain, sell, and convey, unto the said party of the second part, his heirs and assigns, forever, the tract or parcel of land mentioned in said certificate, and described as follows: to-wit: Lot number nine (9), block number seven (7), original plat of Aberdeen, Brown county, South Dakota. To have and to hold said mentioned tract or parcel of land, with the appurtenances thereto belonging, to the said party of the second part, his heirs and assigns, forever, in as full and ample manner as the said treasurer of said county is empowered by law to sell the same." At a tax sale held on the 2d day of November, 1891, the property described in this tax deed was sold for the taxes of 1890, and the certificate, which was afterward duly assigned, was issued to Brown county, as a competitive purchaser.

Although the deed had been of record more than three years when this action was commenced, counsel for appellant insist that the statute of limitations has never operated, be-

cause the sale was illegal, and the deed void, as shown by the
following recitals: "It appears that Brown county did on the
2nd day of November, 1891, purchase at public auction, at the
door of the courthouse in said county, the tract, parcel, or lot
of land lastly in this indenture described, and which lot was
sold to Brown county for the sum of one hundred and thirty-
one and 64-100 dollars, * * * which was the least quantity
of the tract above described that would sell for the amount due
thereon." Under the statute, the county is never authorized
to become a competitive bidder at a tax sale, and it can acquire
the rights of a purchaser only "in case there are no other
bidders offering the amount due." It is only when there are
no bidders that the county treasurer can bid at all, and in that
event he may purchase "for the amount of taxes, penalty, in-
terest, and costs due and unpaid, * * *" and "make out a
certificate of purchase to the county, * * *" but nothing
"shall be paid by the county until redemption has been made
from such sale or the time for redemption has expired or until
the interest of the county has been assigned." Sections 113,
114, p. 66, Laws 1891. Long prior to this enactment, and for
the purpose of aiding the officer authorized to execute a tax
deed in stating the facts essential to its validity, the legisla-
ture provided a form, with the requirement that the same be
substantially followed. Comp. Laws, § 1639. The recitals of
such a deed are in the nature of a final certificate on the part
of the treasurer, designed to perpetuate the record, and show
that all preliminary steps have been taken at the time and in
the manner provided by law. In construing our statute rela-
tive to a sale made at public auction to an authorized bidder,
omissions from the statutory form relating to jurisdictional

matters have been uniformly held sufficient to render the deed void upon its face. Unless the form provided by the earlier statute must yield to substance, to the extent of showing a compliance with subsequent law on the part of a purchasing county, the purpose of the legislature in requiring jurisdictional recitals in a tax deed is entirely defeated. According to a most familiar rule of evidence, and independently of the statutory provision that "such deed shall be conclusive evidence of the truth of all the facts therein recited," it would not be competent to show in this action that, notwithstanding the recitals of the deed, the land was not illegally sold at public auction to the county as a voluntary competitive bidder, and that the sale described therein never took place. In the recent case of Hanenkratt v. Hamil, 10 Okl. 219, 61 Pac. 1050, the court say: "We take the law to be well settled that where the recitals in the tax deed show a sale to the county, and a deed obtained by virtue of a sale to the county, that the deed must contain recitals to show the right of the county to purchase at such tax sales; that, if the recitals of the tax deed show the county to be a competitive bidder at said tax sale, such recitals render the tax deed void; and that the recitals in a tax deed must show that the circumstances, surroundings, and conditions giving the county the statutory right to purchase at such sale existed at the time of such purchase by the county, and, unless such deed does contain such recitals, it is invalid on its face." While, literally construed, the form for a tax deed was perhaps designed only for voluntary purchasers, as competitive bidders at public auction, no more than a substantial compliance therewith is required, and modifications sufficient to show valid action on the part of taxing officers is clearly with-

in the spirit of the statute. From the recitations of the deed before us, it conclusively appears that, through the county treasurer, on the first day of the sale, and at public auction, the county voluntarily bid on the land, and purchased the same for the full amount due; and there is nothing tending to show that the property could not have been sold for an equal amount at a lower rate of interest, to another purchaser. The proceeding was without authority of law, and the recital of such illegal sale renders the deed void upon its face.

In construing a similar statute in a number of cases, it has been uniformly held in Kansas that such a deed is void upon its face. Mr. Justice BREWER, speaking for that court, in Magill v. Martin, 14 Kan. 67, says: "The only question in this case is as to the validity of a tax deed, and one of the objections to it is the same as that which was held fatal in the case of Norton v. Friend, decided at the present term of this court [13 Kan. 532]. It recites a sale to the county, not as a result of a failure to sell to an individual, but as the result of competitive biddings, in which the county entered as a voluntary bidder. The county is not a voluntary bidder at a tax sale. It enters into no competition with individuals. It pays no money to the treasurer. It simply become the involuntary purchaser of that which no individual will buy. The distinction between a purchase by an individual and one by the county, and the reasons therefor, are clearly pointed out by Mr, Justice SAFFORD in the opinion in the case of Guittard Tp: v. Marshall Co. Com'rs, 4 Kan. 388. Hence a deed which recites a purchase by the county under the same conditions as a purchase by an individual recites an unauthorized and illegal purchase. A deed showing an illegal sale must be void. But it

16 S. D.—26

may be urged that this ruling conflicts with the decision in Hobson v. Dutton, 9 Kan. 477, where it is said that 'the rule is clear that, where the statute contains a form of any instrument, a compliance with that form is sufficient.' This deed follows the form of the statute, and, according to that rule, must be held sufficient. The language of that opinion is general, and, so far as the facts of that case are concerned, states the law correctly. Yet we think here is found an exception. When the conditions of the sale are such that to follow the form is to recite an untruth. and show an illegal sale, the form must be modified to suit the facts. To make a statement of an illegal and void sale evidence of a legal and valid sale is a contradiction not to be imputed to the legislative intent. The statute says the deed shall be in substantial compliance with the form. It thus contemplates minor modifications, and those modifications must be such as to make the deed recite the truth, and comply with the conditions of valid action." From the headnote, which is fully sustained by the opinion, in Dyke v. Whyte, 17 Colo. 296, 29 Pac. 128, we quote the following: "The form of deed for individual purchasers should be substantially followed, as far as its terms are applicable to the county as a bidder, and be varied only so far as may be necessary to show the truth of the transaction in substance." Judge BLACK says: "It must not, by an erroneous following of the form, show a state of facts in which the county would not have been authorized to bid or buy, for then it would be void on its face." Black, Tax Titles, 302. The statutory authority of a county to purchase land at tax sale must be strictly pursued, and must be confined to the express provisions of the statute conferring the power. Consequently a deed bearing upon its

face evidence of noncompliance with some essential require-
ment of the law, such as an illegal sale to the county, if made
as recited, vests no title in the grantee, and is void upon its
face.   Sprague v. Coenen, 30 Wis.   209.   The description con-
tained in the redemption receipt and certificate of tax sale ap-
pears to embody many of the errors heretofore adjudged fatal,
and the latter recites that Brown county was "the highest and
best bidder for the property."   Such defects and irregularities
on the part of the taxing authorities render the proceedings
voidable, and, as the tax deed passed no title to the assignee
of the certificate or any subsequent grantee, it was error to di-
vest appellant's title, and adjudge the respondent Morrill to be
the owner of of the premises in fee simple.

The judgment appealed from is therefore reversed, and
the case remanded for a new trial.