THOMPSON V. ROBERTS.

1.  A tax deed in the statutory form, which by its recitals discloses a sale
    to the county as a voluntary purchaser at public auction, and not be-
    cause of a failure to sell to an individual bidder, is void on its face.

2.  A tax deed held void by the trial court cannot, for the purpose of a re-
    versal, be held valid on appeal, when it is fact void on its face, though
    the specific objection to it was never urged.

3.  Where, in an action to quiet title, defendant claimed under a tax deed
    void on its face, so that limitations could not operate in her favor, she
    was not injured by evidence showing a fatally defective description on
    the assessment roll, in the notice of sale and certificate, which recited
    that the county was "the highest and best bidder for the property."

4. In an action to quiet title, where defendant claimed under a tax deed void on its face, it was not error for the court to ascertain the full amount of taxes, interest, and penalty to which she was entitled, and to allow her to recover therefor without costs to either party.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Spink county. Hon, A. W. CAMPBELL, Judge.

Action by Josiah Thompson against Mrs. M. E. Roberts. From a judgment for plaintiff, defendant appeals. Affirmed.

*W. F. Mason* and *F. C. Mariner*, for appellant.

*Thomas Sterling*, for respondent.

FULLER, J. At the trial of this action to quiet the title to 160 acres of land in Spink county, plaintiff laid a foundation acceptable to the court, and introduced competent evidence tending to establish his fee-simple ownership through mesne conveyances from the original patentee; and the defendant, who holds under a tax deed recorded more than three years prior to the commencement of this action, appeals from a decree adjudging such deed to be void and of no effect.

By the assertion that this tax deed is in statutory form and fair upon its face, we are directed to its recitals, which disclose a sale to Spink county as a voluntary purchaser at public auction, and not as the result of a failure to sell to an individual bidder. The recitals of this deed are identically the same as a deed adjudged to be void upon its face in the case of Reckitt v. Knight, (decided at the present term of this court) 92 N. W. 1077, and the language therein employed is as follows: "Whereas, Mrs. M. E. Roberts did on the 9th day of February, A. D. 1893, produce to the undersigned, R. H. Mc-Caughey, treasurer of the county of Spink, in the state of

South Dakota; a certificate of purchase, in writing, bearing date the 3d day of November, 1890, signed by Wm. C. Kiser, who at.the last-mentioned date was treasurer of said county, from which it appears that Spink county did on the 3d day of November, 1890, purchase at public auction at the door of the courthouse in said county the tract, parcel, or lot of land lastly in this indenture described, and which tract was sold to Spink county for the sum of twenty-three and 10-100 dollars." Our reasons for holding such a deed void upon its face being fully stated in Reckitt v. Knight, supra, and amply justified by the courts and textwriters therein quoted, it is needless to further discuss the law by which this case is controlled. Although the specific objection was never urged, a deed adjudged to be void in the trial court cannot, for the purpose of a reversal, be held valid on appeal, when it shows an illegal sale, and is therefore void upon its face.

As the statute of limitations does not operate in favor of a deed void upon its face, and by virtue of which title could not be quieted in appellant, she was not injured by evidence showing a fatally defective description on the assessment roll, in the notice of sale and certificate, which recites that Spink county was "the highest and best bidder for the property."

Nor was it erroneous, under the pleadings and as the case was tried, for the court to ascertain the full amount of taxes, interest, and penalty to which appellant was entitled, and allow her to recover therefor, without costs to either party.

The judgment quieting the title in respondent is affirmed.