## BATTELLE v. WOLVEN et al.

A tax deed which recited that the land sold was "the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs, and charges, thereon, as above specified," was void on its face, and conveyed no title to the grantee therein.

Limitations do not run in favor of a tax deed, void on its face, and under Rev. Pol. Code, § 2205, providing that the owner of land sold for taxes may redeem any time before the tax deed was issued, such a deed will not bar a redemption by the owner after the period of limitations.

(Opinion filed, February 5, 1908.)

Appeal from Circuit Court, Hand County

Action ov Charles Battelle against Edwin J. Wolven and another as executors of the will of John W. Wolven, deceased. From a judgment for plaintiff, defendants appeal   Judgment, and order denying new trial, affirmed.   Hon LORING E. GAFFY, Judge.

*B. A. Knight* and *J. H. Cole,* for appellants.   *S A. Keenan,* for respondent.

CORSON, J.   This is an action instituted by the plaintiff to quiet title to a quarter section of land in Hand county, of which he claims to be the owner in fee, deriving his title through a United States patent.   The defendants claim title to the premises under and by virtue of a tax deed executed by the county treasurer of Hand county.   The complaint is in the usual form and the defendant, after making certain denials of the alegations of plaintiff's complaint, allege that on the 28th of December, 1896, the county treasurer of Hand county duly executed and delivered to one F. Blackman, through whom these defendants claim title, a tax deed for said premises in pursuance of a tax sale held in said county on the 6th day of November, 1893, for the sale of taxes due and delinquent on said land for the year 1892 that more than three years had elapsed since the filing of said tax deed for record prior to the commencement of this action, and that the defendant and his grantors have for the past 10 years continuously paid all legal taxes against said land and been in actual possession thereof under and by virtue of said tax certificte and deed holding the same adversely to the plaintiff and his grantors and assignors, and that by reason thereof this action is barred by both the 3-year and 10-year statute of limitations.   The case was tried to the court

without a jury, and findings and judgment being in favor of the plaintiff, the defendants have appealed.

Counsel for the defendant in their brief present the question to be considered as follows: "It will be noticed that this is an action simply to determine the validity of the certain tax deed set out in the printed abstract herein, under which appellants claim title to the land in controversy adversely to the respondent." The learned circuit court in its findings and conclusions of law took the view that the said tax deed was void on its face, and hence that the three year statute of limitations did not apply to the same on account of the following recital contained therein," and the said F. Blackman having demanded a deed to the tract of land mentioned in said certificate, and which was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs and charges, as above specified. * * *" In King v. Lane, 21 S D. 110 N. W. 37, this court had under consideration a tax deed containing a similar recital, and arrived at the conclusion that by reason of this recital in the tax deed it was void upon its face and hence could not be made the basis for the 3-year statute of limitations, and that the fact that the deed had been of record for more than three years before the commencement of the action was therefore of no particular importance. As the question is fully discussed in the opinion in that case, we do not deem it necessary at this time to enter into a further discussion of the same. Following the decision in that case, we must hold that the defendants established no title to the premises in controversy under and by virtue of said tax deed. Reckitt v. Knight, 16 S. D. 395, 92 N. W. 1077; Thompson v. Roberts, 16 S. D. 403, 92 N. W. 1079. The defense of the 10-year statute of limitations and payment of taxes is not available to the defendants, for the reason that at the time this action was instituted 10 years had not intervened between the execution of the tax deed and the commencement of the action. It is quite clear, therefore, that the appellant's testator acquired no title to the premises as against the respondent whose title to the said premises was derived through a patent issued by the United States.

Counsel for the appellants have referred us to the case of Brandow v Wolven, 20 S. D. 445, 107 N. W 204, in which this court fully discusses the question as to how far a deed valid upon its face will protect the party where it has been duly recorded

for more than three years prior to the commencement of the action. But, as will be observed, that case was decided upon the theory that the tax deed was valid on its face, and therefore that the fact that it had been recorded for more than three years constituted a bar to the action except as to such defects in the proceedings as go to the power and jurisdiction of the taxing officers or fraud and misconduct of the parties. In the case at bar however, as the deed is void upon its face, the fact that it had been of record for more than three years prior to the commencement of the action did not constitute a bar to the same, and did not in fact transfer the title to the appellants, as the statute provides that until the tax deed is issued the owner may redeem the same from the sale; that is, until a deed valid upon its face has been issued by the county treasurer. Section 2205 Rev. Pol. Code.

The court properly found the amount of taxes and interest due upon the property, and entered the proper decree therefore. finding no error in the record, the judgment of the court below, and order denying a new trial, are affirmed.