## WARD et al. v. BROWN.

Where a complaint to determine adverse claims to real property
contained no allegation that defendant was in possession under a
lease, or held in any manner subordinate to plaintiffs' title, it was
not demurrable on the theory that the relation of landlord and
tenant existed, and that defendant's holding was therefore not ad-
verse, so as to authorize the maintenance of such action.

Where a complaint alleged that defendant's holding of plaintiffs'
real property was adverse, a demurrer thereto confessed such allega-

.tion, and was therefore unsustainable on the theory that defendant was in possession as plaintiffs' tenant.

Code Civ. Proc. §§ 675-691, and Laws 1905, c. 81, authorizing the maintenance of an action to determine adverse claims to real property, does not require that plaintiff join all parties claiming an interest in the property.

(Opinion filed, December 11, 1911.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by E. C. Ward and another against R. F. Brown. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Aikens & Judge* and *E. R. Winans,* for appellant. ·*Sam H. Wright,* for respondents.

WHITING, J. In this action plaintiffs sought three things: A decree quieting title against any claim of defendant in and to the real property in question; a writ of possession to secure possession of such property; and a judgment for the value of the use and occupation of said premises. The three causes·of action were not separately set forth in the complaint. The complaint was the short form provided for in chapter 81, Laws 1905; it contained an allegation to the effect that defendant had been in the wrongful possession of the property since a date named, and that demand in writing had been made for such possession. It also set forth the value of the use and occupation of said premises during the time of such alleged wrongful possession. Attached to and forming part of the complaint was a copy of the alleged demand for possession, which was as follows: "Sioux Falls, South Dakota, January 21, 1910. To Dr. R. F. Brown, Sioux Falls, South Dakota: You are hereby notified that we are the owners of that certain building situated in the city of Sioux Falls, Minnehaha county, South Dakota, known as 'The Minnehaha Building,' located on the east 81 feet of lot 18, and the east 81 feet of the north half of lot 17 all in block 16 of J. L. Phillips addition to the city of Sioux Falls, South Dakota, and each and every part thereof, including that portion of said building·used and occupied by you as a drug store and for drug purposes, and that all of your

rights in the said premises from the 31st day of December, 1909, have expired, and you are hereby notified to quit, vacate and surrender to us the possession of said property and each and every portion thereof on or before the 25th day of February, A. D. 1910, and we also hereby demand the possession thereof, and if you fail to comply with said demand within said time we will bring an action against you for the possession of said property and such damages as we may be entitled to recover for your illegal occupancy since December 31, 1909.   E. C. Ward, Gust Kiriakedes, Owners." To such complaint the defendant demurred, upon the grounds that there was a defect of parties defendant, that such complaint did not state facts sufficient to constitute a cause of action, and that the court has no jurisdiction of the subject-matter, or to entertain suit against the defendant.   The demurrer was overruled, and defendant appealed from the order overruling demurrer.

In appellant's brief, we find a statement of facts, a part of which is as follows: "Appellant is and has been for many years the tenant of respondents and their predecessors in title of the premises above mentioned, and has always held and still holds the same as such tenant, maintaining and claiming his right of possession thereof in subordination to and not adversely to respondents." It seems to be mainly upon the facts above stated that appellant bases his demurrer.   Appellant contends that the court erred in overruling the demurrer, for the following reasons: "First, because respondents have mistaken their remedy, if any they have, and are attempting to litigate, in an action to determine adverse claims, matters which can only be determined in an action of forcible entry and detainer under sections 43-52, Justices' Code; second, because the most essential requisite of an action to determine adverse claims is that the claim of the defendant be *adverse*—that is, absolutely hostile to the right, title, or interest of the plaintiff—and the complaint herein shows that the possession of appellant is inconsistent with any alleged adverse holding, being strictly subordinate to the right, title, and interest of respondents, and not in derogation of any estate or interest claimed by them:

and, third, because, even if this action could be maintained as one to determine adverse claims, still the complaint is vitally defective, in that there is a defect of parties defendant, as required by the statute creating that right of action, and, although the complaint purports to ask for the determination of 'all adverse claims,' there is no allegation therein showing that the defendant is the only person claiming the premises described in said complaint adversely to respondents, or that none of the parties declared by the statute to be necessary parties to said action have any interest, lien, or incumbrance upon the premises."

[1] In support of the first contention, it is claimed that the "relation of landlord and tenant between the parties to this suit is clearly presented in the complaint." Without advancing any opinion upon the proposition that, where it appears that the relation of landlord and tenant exists, the landlord's only remedy for acquiring possession is through an action in forcible entry and detainer, and that the justice court has exclusive original jurisdiction thereof, we would merely call attention to the fact that there is not a word, either in the complaint proper or in the notice attached thereto, that in any manner indicates or implies that the holding of the defendant had been as a lessee, or in any manner subordinate to the right and title of plaintiffs; there is nothing to show but what such holding was at all times one adverse to the right and title claimed by plaintiffs, such, for instance, as a claim to fee title in the premises, or a holding under equity of redemption. The notice says that the rights of defendant in said building "have expired."

[2] What we have said above answers appellant's second contention; but we also call attention to the fact that the demurrer confesses the truth of the allegation in the complaint: "That the said defendant * * * claims an estate or interest in said described real property adverse to these plaintiffs." It may be a fact that the defendant claims rights as tenant, and, if so, the legal propositions advanced by defendant may be presented upon issue joined by answer, but they are certainly not now before us.

[3] In answer to the third contention, we would state that there is nothing in the statutes under which this action was

brought (chapter 29, Code of Civ. Proc., and chapter 81, Laws 1905) requiring a plaintiff to make all parties who claim an interest in the property defendants; furthermore, there is nothing to show but that the defendant is in fact the only party claiming any interest in said property adverse to plaintiffs.

The order of the trial court is affirmed.