NEWTON, Respondent, v. McGEE, Appellant

(140 N. W. 252.)

1. **Actions—Quieting Title—Statutes.**

   Laws 1903, Chap. 194, concerning actions to determine ad-
   verse claims, and for making heirs, creditors, etc., parties de-
   fendant, as amended by Laws 1905, Chap. 81, did not repeal
   Sec. 675, Code Civ. Proc.

2. **Process—Personal Service on Non-resident—Order for Publica-
   tion.**

   Laws 1907, Chap. 127, expressly did away with necessity of
   an order for publication of summons, where personal service of
   summons and complaint upon defendant was made outside of
   the state.

3. **Plaintiff's Name—Sufficiency of Objections.**

   In order to avail himself of the technical objection that the
   summons only gave plaintiff's initials, defendant should make
   showing as to plaintiff's true name.

4. **Action—Quieting Title—Cause of Action—Mortgagee.**

   The action provided by Code Civ. Proc., Sec. 675, and Laws
   1905, Chap. 81, to determine adverse claims to realty may be
   maintained by a mortgagee.

5. **Quieting Title—Parties Defendant.**

   In an action to determine adverse claims to realty, it is not
   necessary that all parties claiming an interest be joined as
   defendants.

6. **Limitations—Presumption of Payment from Lapse of Time.**

   Plaintiff, a mortgagee, in an action to determine adverse
   claims, showed title in mortgagor, then put in evidence the

mortgage and record thereof; defendant objecting because mortgage showed on its face that it was more than six years past due and was presumably paid  Held, the objection was insufficient.

7. **Trial—Objections to Evidence—Limitations.**

Plaintiff, mortgagee, in an action to determine adverse claims, after offering mortgage note indorsed to himself, was entitled to further opportunity to rebut the limitation appearing on its face; hence the question of limitation could not be raised by objecting to introduction of note in evidence.

8. **Admission of Evidence—Sufficiency of Objections.**

Objections to offer of a mortgage note in evidence, that it was not competent, material, relevant, and not properly identified, do not extend to challenging execution of note, and are insufficient; and an objection to record of assignment of the mortgage on all said grounds save the last, was likewise insufficient.

9. **Limitations — Supplementary Answer — Discretion — Subsequent Statute.**

Defendant in an action to determine adverse claims moved to file supplementary answer alleging that plaintiff's mortgage was barred by the 15-year statute of limitations.  Held, no abuse of discretion in denying motion, inasmuch as it was not a foreclosure suit, and as, prior to the statute, mortgages were not barred for 20 years, and the action was begun before the 15-year statute was in force.

10. **Taxation—Recitals in Tax Deed—Validity—Ownership.**

A tax deed, reciting that defendant, M., produced tax sale certificate to treasurer, and that B. owned same and had demanded deed, the deed being issued to M., was void on its face.

11. **Void Tax Deed—Redemption—Limitation.**

The three-year statute of limitations does not apply to a tax deed void on its face.

12. **Action to Determine Tax Title—Issues and Proof—Improvements.**

In a mortgagee's action to determine validity of defendant's tax deed, and not to recover possession, plaintiff as mortgagee had no right to possession, and could not call for an accounting until she had shown herself entitled to possession, and defendant's possession continued until his lien for improvements was extinguished, and the value of defendant's improvements was not in issue.

(Opinion filed March 11, 1913.)

Appeal from Circuit Court, Hand County.  Hon. JOHN F. HUGHES, Judge.

Action by Mrs. C. L. Newton against J. A. McGee, to determine validity of defendant's tax deed; defendant interposing a counterclaim for improvements. From a judgment for plaintiff, defendant appeals. Affirmed.

*J. H. Cole,* for Appellant.

Chapter 127, page 194, Session Laws 1907, is merely an addition to section 112, 1903 Code, C. C. P. 887, expressly providing that such service can only be had when service may be made by publication, which, undoubtedly, must be made to appear by record before hand.

As to necessity to use and give Christian names of parties, see 1903 Code C. P., section 152, p. 895; 11 Estee Pl. & Pr. 619; 42 Cal. 577; 50 Cal. 205 and 585, Par. 6-cit. Initials not sufficient. 31 Cyc. 96, Par. 6.

As to motions to quash, generally. 11 S. D. 160.

As to specifications of error II and IIa, contends that chapter 194, p. 255, Session Laws 1903, repealed chapter 29, 1903, Rev. C. C. P., p. 976. And that the summons does not conform to said new law as to determining adverse claims in real estate, nor does the complaint state facts sufficient to constitute a cause of action thereunder, and the action must be either dismissed by reason thereof, or considered an action to quiet title at common law. In any case the complaint fails to state a cause of action because at common law such action only lies when plaintiff has a legal title, estate or interest in real estate, whereas complaint expressly states that plaintiff claims only a mortgage lien. II Estee Pl. & Pr. 187, section 33 cit; 14 N. Y. 436, et al.; 35 Cal. 30, et al. See, also, 48 N. W. 275 (N. D.); 2 Dak. 347 and 2 S. D. 405.

As to error III, in matter of court's refusing to allow amended and supplemental answer to conform the same to proofs at trial, and setting up new matters, especially as to law, limiting life of mortgage to 15 years (and this mortgage was over 15 years due when suit was commenced) although law did not become fully operative as to same until after commencement of the action and after the trial but before findings or motion made, this is clearly reviewable and reversible error. 1903 Code C. P., sections 146 to 154, p. 894, and cases cited; also 118 N. W. 823 (N. D.); 123 N. W. 711 (S. D.).

Supplemental answer ought to be allowed as matter of course. 7 S. D. 163.

As to error XIII, in finding II (brief, p. 60), neither alleged note nor pretended assignment thereof are properly in evidence at all, and if they were the note shows on its face that there was nothing due thereon, as barred by statute of limitations.

Respondent's position is, that suit was betimes inasmuch as this action was brought under the alleged old law, by personal service of summons and complaint made on appellant April 5 1910, if at all, although there is no showing or record indicating the necessity or right to resort to such service.

As to error XVI., also errors XVII and XVIII, appellant needs only to call attention further to the reading of the tax deed and certificate upon which issued, appellant's exhibits Nos. 1 and 2, and that the same, especially when taken together, as necessary, the latter, under the law, forming part of the record in the auditor's office. Take it that said deed was issued under form prescribed by Session Laws of 1897, chapter 32, p. 82, providing that such tax deed shall be prima facie evidence of the truth of all facts therein recited, and of the regularity of all proceedings from the valuation of the land by the assessor up to the execution of the deeds. So that taken together these exhibits clearly showed the proper assignment of the certificate, and that some ambiguous recitals in the deed, were merely a clerical mistake, if any.

With the exception of an assignment of the certificate in the case at bar, an exactly similar tax deed, issued for a tract of land, situate in the same township and county, and sold at the same time for taxes of the same year, as the one at bar, both the lower and Supreme Courts of our state, held an action barred in three years. See, N. W. Mort. Trust Co. v. Leftzow, 23 S. D. 562.

Now, Appellant's tax deed, exhibit No. 1, shows absolutely regular and fair on its face, unless it is with exception, if any, that in two places the same recites that the certificate is owned by the purchaser, F. Blackman, instead of the assignee, to whom deed was issued, to-wit: J. A. McGee, appellant. However, not only is it recited in outstart of deed that said J. A. McGee presented said certificate but the appellant's exhibit No. 2 (Brief, pp. 22-4) produced from the files of the auditor of Hand county, conclusively shows and corroborates the first recital in said deed, that the same

was properly presented by and deed issued to said J. A. McGee, in the there was a duly executed assignment, in writing, previously made endorsed on said certificate and inasmuch as recitals in deed, are apparently contradictory, if not ambiguous, but only prima facie evidence of the regularity, or rather truth, of its recitals, said certificate, with its assignment, were properly allowed in evidence, to establish the real facts, conclusively, as not only mentioned in said deed, but as clearly shown by the issuance of the deed to said assignee.

Additional recitals, not required by law, and not showing contrary therewith, do not render deed invalid. Gibson v. Smith, 24 S. D. 514.

The court's attention is particularly called to the exact wording of the assignment about taking out deed "in my name," to-wit: of F. Blackman.

*M. C. Cunningham,* for Respondent.

There is no merit in the defendant's preliminary objections and motions to quash the service of the summons and to dismiss the complaint, or in his demurrer. If there was any defect in the form of the summons it was not fatal where the summons and complaint were both served together. Berry v. Bingaman, 1 S. D. 525-28. And further there is no proof that C. L. is not the full Christian name of the plaintiff and the court cannot take judicial notice that it is not. Andrew v. Wynn, 4 S. D. 40. If the defendant desired to show that C. L. was not the full Christian name of the plaintiff, he should have given the full name when appearing specially in the action to dismiss on that ground. Hoyt v. Williams, 1 Dak. 505.

Where the summons and complaint are both served together a motion to set aside the complaint because it varies from the summons should not be allowed. Andrews v. Wynn, supra.

Also it was not necessary that the summons should conform to the form prescribed by Session Laws of 1905, chapter 81, as that is only a cumulative remedy and does not supersede the old form of action to determine conflicting claims to real property. Buckman v. Hoover, 18 S. D. 429.

The demurrer was not in any event well taken. The complaint states a good cause of action. It alleged in substance that the plaintiff is the owner and holder of a lien by way of a mortgage

on the land, and that defendant claims an interest or estate therein adverse to the plaintiff. Frum v. Weaver, 13 S. D. 457.

The holder of a mortgage and even the holder of a tax sale certificate can maintain an action to determine adverse claims to real estate. Clark v. Darlington, 7 S. D. 148.

This being a case in which service by publication could have been made, service of the summons and complaint outside of the state was proper without making a record by presenting affidavits to the court or procuring an order for publication of summons. Code Civil Procedure, section 112, as amended by chapter 127, Laws of 1907.

It was not necessary that all persons who appear of record should be made parties to the action as the court could determine the rights of the parties to this action without prejudice to the rights of others, and the defendant did not ask that any other party be brought in. See Burgi v. Rudgers et al., 20 S. D. 646.

It is admitted by appellant that an action on the mortgage referred to herein was not barred at the time of trial. See appellant's brief, page 68. And it is not yet barred. Appellant evidently has in mind chapter 293, Laws of 1909, and as this was not an action to foreclose the mortgage it is not affected by that act. The mortgage was therefore admissable in evidence. And it was not error for the court to refuse to allow a second amendment for the sole purpose of pleading the statute of limitations especially when same was asked long after the trial of the case, and as the defendant did not plead the statute of limitations upon the trial his objection that the note and mortgage were barred was not good as to either of those instruments. The defendant did not object to the introduction of the note on the ground that the endorsement had not been proved, hence there was no error in receiving the note in evidence.

The defendant objected to the introduction of the assignment of the mortgage in a general way only, that is, that the same was incompetent, immaterial, etc. This was insufficient to present the objection that the assignment did not refer to the note secured by the mortgage. State v. LaCroix, 8 S. D. 304; Harrison v. State Bkg. & T. Co., 15 S. D. 369.

The tax deed was void on its face. It recited that, not the defendant, but one F. Blackman, was the owner of the certificate

of sale and that he had demanded a deed, and as the deed was subsequent to all other papers relative to the tax proceedings leading up to it, and was prima facie evidence of the truth of all its recitals, it must therefore be assumed that the defendant was not entitled to the deed. And further the same does not conform to the form prescribed by law in that the holder and owner of the certificate of sale and the grantee in the deed are not identical. The defendant was bound by its recitals as he had introduced it in evidence and could not contradict it by any other evidence particularly such as was admitted over proper objections.

The deed being void on its face the three year statute of limitations did not run against it. King v. Lane, 110 N. W. 37.

The question as to the value of improvements was not a material issue as this was not an action to recover possession of the premises and failure to find on this specific point was not error especially when the defendant had not requested any finding thereon, although ample time was given, until after the court had made and filed its findings. Revised Code Civil Pro., Sec. 681.

GATES, J. This action was brought by plaintiff, presumably under the provisions of section 675, C. C. P., to determine the adverse claims of defendant to certain real estate in Hand county. The complaint alleges that plaintiff is the owner and holder of a mortgage lien (describing it) upon the property, and that defendant wrongfully claims an estate and interest in said real estate adverse to the plaintiff, and prays that her claim to the premises be established against any claim of the defendant therein, and that the defendant be forever barred against having or claiming any right or title to the premises adverse to the plaintiff, and that he release to the plaintiff all claim to said premises, and for such other relief as may be equitable.

[1-3] The summons and complaint were personally served upon defendant April 5, 1910, outside of this state. Before answering, defendant made a special appearance and moved to quash the summons and the service thereof, upon the grounds that the action was not brought in conformity with the provisions of chapter 81 of the Laws of 1905; that the service of summons outside of the state, without an order for the publication thereof, was defective; and that the summons was insufficient, because it gave plaintiff's initials instead of her full name. The motion was over-

ruled, and properly so. Chapter 194 of the Laws of 1903, as amended by chapter 81, Laws of 1905, did not repeal section 675, C. C. P. The new remedy was merely cumulative. Buckham v. Hoover, 18 S. D. 429, 101 N. W. 28. Chapter 127 of the Laws of 1907 expressly did away with the necessity of an order for the publication of summons in this case. If defendant desired to avail himself of the technical objection as to the initials, he should have made a showing as to the true name of the plaintiff. Hoyt v. Williams, 1 Dak. 505 (Dist. Court) ; Bliss, Code Pl. § 146a.

[4, 5] Subsequently defendant filed another motion to dismiss the summons and complaint upon the first two grounds above mentioned, and because the complaint did not state a cause of action. This motion was properly denied. Subsequently defendant demurred to the complaint upon the grounds of said motion, and because there was a defect of parties defendant, in that all the necessary parties required under chapter 81, Laws of 1905, were not made defendant. Plaintiff, as mortgagee, had the right to maintain the action. Battelle v. Wolven, 19 S. D. 87, 102 N. W. 297; Rhomberg v. Bender, 28 S. D. 609, 134 N. W. 805. It was not necessary that all parties claiming an interest be joined as defendants. Ward v. Brown, 28 S. D. 375, 133 N. W. 699.

Defendant then answered, setting up a general denial, and, by way of counterclaim, that he was the owner of a tax deed on the premises, dated and recorded April 6, 1900; that he had ever since been in possession; that he had paid the taxes under the tax-sale certificate and deed from 1894 to 1909, inclusive, and had, while in possession, made valuable, permanent improvements in digging and removing stone and in breaking the land, and setting forth the value of such improvements. Plaintiff replied to the counterclaim.

[6] At the trial, which was had on January 24, 1911, plaintiff showed title in the mortgagor, then introduced in evidence the mortgage and the record thereof, which mortgage was given to the Northwestern Mortgage Trust Company, date October 30, 1889, and due December 1, 1894, to which defendant objected, for the reason that the alleged mortgage showed, on its face, that the same was more than six years past due, and the presumption was that the same had been paid, and the same was surplusage as to one

of said offers. This objection was insufficient, and was properly overruled.

[7, 8] Plaintiff then offered in evidence the purported note, secured by said mortgage, which appears to conform to the description thereof in the mortgage, and which purported to be indorsed by the said Mortgage Trust Company to the plaintiff. To this offer defendant objected, "for the reason that the same is incompetent, immaterial, and irrelevant, and has not been properly identified, and that the same shows, on its face, that it is more than six years past due, and therefore barred under the statutes of limitations." The last ground of objection was properly overruled, even had the action been one upon a promissory note alone. Respondent, after offering the note in evidence, was entitled to further opportunity to rebut the apparent bar. This question cannot properly be raised by an objection to the introduction of the note in evidence. Dielmann v. Citizens' N. B., 8 S. D. 263, 66 N. W. 311.

The other objections did not go to the extent of challenging the execution of the note, and were insufficient. Caledonia G. M. Co. v. Noonan, 3 Dak. 189, 14 N. W. 426; Park v. Robinson, 15 S. D. 551, 91 N. W. 344; Landis Mch. Co. v. Konantz Saddlery Co., 17 N. D. 310, 116 N. W. 333. Plaintiff then offered in evidence the record of the assignment of the mortgage from the mortgagee to the plaintiff, to which defendant objected as incompetent, irrelevant, and immaterial, which objection was properly overruled.

Defendant then offered in evidence his tax deed and the certificate upon which the same was based. The tax deed among others, contained the following recitals: "Whereas J. A. McGee did, on the 6th day of April, 1900, produce to the undersigned, Thomas Kelley, treasurer of the county of Hand, in the state of South Dakota, a certificate of purchase in writing, * * * from which it appears F. Blackman did, on the 5th day of November, 1894, purchase, * * * and which land was sold to F. Blackman. * * * and it appearing that the said F. Blackman is the legal owner of said certificate of purchase, * * * and the said F. Blackman having demanded a deed for the tract of land mentioned in the said certificate: * * * Now, therefore, this indenture, made this 6th day of April, 1900, between the state of South Dakota, by Thomas Kelley, the treasurer of said county, of the first part, and said J. A. McGee, of the second part, witnesseth: That

the said party of the first part, for and in consideration of the premises and the sum of one dollar in hand paid, hath granted, bargained and sold and by these presents doth grant, bargain, sell and convey unto the party of the second part."

Defendant also offered evidence showing the payment of taxes as alleged in the complaint, and also the taxes for 1910 on January 16, 1911, and also evidence showing that defendant had had possession of the land "by farming it now and ever since the filing of the tax deed"; that he had broken 135 acres and removed the stone, and had converted it to cultivation from wild prairie land at a cost of about $3.50 per acre; and that the land was of increased value, by reason of such permanent improvements, of not less than $3 nor more than $5 per acre. Upon the trial defendant, by leave of court, amended his answer by setting up possession and payment of taxes, under color of title, for more than 10 years. (See section 54, C. C. P.)

[9] On September 21, 1911, the court heard a motion by defendant for leave to serve and file an amended and supplemental answer, which was denied on January 16, 1912. The only new matter suggested therein related to specific allegations that the mortgage was barred under the 15-year statute of limitations. Chapter 293, Laws 1909. Inasmuch as, prior to this statute, mortgages were not barred for 20 years, and as this action was begun in 1910, and as by the terms of said act it was not to be effective as to present mortgages until March, 1911, and inasmuch as this is not an action to foreclose a mortgage, we fail to see any abuse of discretion in the trial court in denying defendant's motion. On January 19, 1912, the court rendered findings of fact and conclusions of law and judgment for plaintiff.

[10, 11] The defendant's tax deed was found to be void on its face, because it recited that defendant, McGee, produced a tax sale certificate to the treasurer, and that one Blackman was then the owner thereof, and that he (Blackman) had demanded a deed, and the deed was issued to McGee. There was no error in this finding. The deed being void on its face, the three-year statute of limitations did not apply. Battelle v. Wolven, 22 S. D. 39, 115 N. W. 99. The court also found that defendant had not paid taxes

15—Vol. 31, S. D.

for ten years since the date of his tax deed and before the commencement of the action.

The court found the amount due appellant for taxes and interest to be $387.45, but made no finding as to the value of the permanent improvements made by appellant. In its conclusions of law the court held that respondent's lien was superior to the rights of appellant, except as to taxes and interest thereon and improvements. The judgment provided that the lien of respondent's mortgage was superior to the rights of appellant in the premises, "except that said mortgage lien is subject to the defendant's lien for taxes by him paid upon said premises under said tax deed, together with interest thereon, amounting in all to the sum of $387.45, and improvements; and in case of the failure of the plaintiff to pay said amount to the defendant within 60 days from this date the defendant may enforce the payment thereof in the manner provided by law."

[12] The failure to find the value of permanent improvements is assigned as error. This was not an action to recover possession of the property. Section 681, C. C. P. The mortgagee had no right of possession, but did have the right to litigate the question as to the validity of the tax deed. Under such decision the tax deed still stands as evidence of appellant's lien and as security for the repayment of whatever sum may be found due appellant for permanent improvements, when, at the proper time, an accounting is had between appellant and respondent. Appellant's right of possession will continue until his lien for such purpose is extinguished. Respondent will not be in position to call upon appellant for an accounting until she has shown herself entitled to possession of the property. The issue of permanent improvements, therefore, was not properly an issue in this case.

We have carefully considered all of the assignments of error found in appellant's brief, and are convinced that no error was committed by the trial court.

The judgment and order denying a new trial are affirmed.