FARMERS & MERCHANTS STATE BANK, et al, Appellants, v. WHITTEN, Respondent.

(229 N. W. 304.)

(File No. 6760. Opinion filed February 21, 1930.)

*Clark & Wyman,* of Yankton, for Appellants.

*H. G. Tilton,* of Vermillion, *W. V. Steuteville,* of Sioux City, Iowa, and *Payne & Olson,* of Vermillion, for Respondent.

MISER, C. Appellants claim judgment liens upon 320 acres of Yankton county land to which respondent holds tax deeds. The land was sold on December 12, 1921, for delinquent taxes and bid in by Yankton county. County treasurer's certificates, eight in number, were issued to the county. Each certificate recited a sale to "Yankton County for the sum of" (giving the amount) "with interest at the rate of 12 per cent, that being the lowest rate offered, he being the highest and best bidder for the same." On April 21, 1926, these certificates were assigned to respondent. On September 30, 1926, respondent received treasurer's deed thereon reciting, in accordance with the certificates produced, that "Yankton County, South Dakota, did on the 12th day of December, 1921, purchase at Public Auction" the land therein described.

On May 20, 1927, appellants began this action to have these tax deeds of September 30, 1926, declared void. In his original answer respondent based his claim to title on these deeds, but on August 24, 1927, obtained new deeds from the county treasurer upon which he based his title in his supplemental answer. Re-

spondent now concedes that the deeds of September 30, 1926, were invalid. Reckitt v. Knight, 16 S. D. 395, 92 N. W. 1077, 1079. He contends, however, that the corrective deeds of August 24, 1927, are good and valid. Gibson v. Pekarek, 25 S. D. 281, 126 N. W. 597, 602, Ann. Cas. 1912B, 944. Appellant concedes that the county treasurer may issue a valid tax deed in lieu of an invalid tax deed to one lawfully entitled thereto, but contends that respondent did not bring himself within the terms of Gibson v. Pekarek, supra.

In that case this court quoted from McCready v. Sexton, 29 Iowa, 356, 4 Am. Rep. 214, in part as follows: "The power of the treasurer to make a deed depends upon the validity of the prior essential steps or proceedings, and his power to make a second and corrected deed must rest upon the fact of such validity, and that the corrections as made fairly and legitimately appear from the records themselves, or are properly deducible therefrom, and are not facts in pais merely, or resting alone in the memory of the treasurer, and certainly so, when such facts should regularly and legally be made of record." On this point, this court said: "While a subsequent treasurer is authorized to execute a subsequent deed to cure the defect or omissions in a former deed, the recitals in such subsequent deed can only be such as are authorized by the records remaining in his office. He cannot, by making recitals not sustained by the records in his office, conclude the original owner, and thereby prevent such owner from showing the invalidity of the proceedings and the consequent invalidity of the deed."

In the case at bar, Treasurer Tripp made the sales and executed the certificates as of December 12, 1921. Treasurer McCoun assigned these certificates to respondent and issued to him the first series of deeds in 1926 and the second or corrective series of deeds in 1927. So far as appears from the record, McCoun knew no more about the actual facts of the sale when he issued the corrective deeds than when he issued the first deeds. The records in the treasurer's office of prior proceedings were just the same when he issued the admittedly invalid deeds as when he issued the claimed corrective deeds. The certificates of tax sale were the same certificates executed by Treasurer Tripp. They contained the recital heretofore quoted, stating that the land had been sold to Yankton county for the sum therein stated "with interest at the

rate of 12 per cent, that being the lowest rate offered, he being the highest and best bidder for the same." Yet, in the corrective deeds, it was recited that respondent "did on the 30th day of September, 1926, produce * * * a certificate of tax sale bearing date the 12th day of December, 1921, * * * from which it appears that * * * the premises hereinafter described were offered for sale at public auction, *and that the same were not sold for want of bidders* * * * *offering the amount due;* that thereupon * * * Gertrude L. Tripp as Treasurer of said Yankton County, in pursuance of the statute in such case made and provided, did bid off in the name of Yankton County said premises. * * * "

How the recitals above italicized appeared from the certificates presented is not readily apparent. The first deeds, void though they were, possessed the merit of conforming to the certificates. The corrective deeds did not. The only records offered at the trial in addition to the certificate were the pages of the treasurer's sale book recording the sale of these eight tracts. There is nothing thereon to distinguish the manner of sale of these tracts from that of any other tracts sold to competitive bidders, unless it be inferred from the words "Yankton County 12%" in the column "Name of Purchaser."

There was not introduced in evidence any record made at the time of the bid. Indeed, it may be inferred that the newspaper lists from which the treasurer read in offering the various tracts and on which the check marks and other memoranda of the sale were made, were in such condition that they were not kept, and fresh newspaper lists were filed in lieu thereof. The first written record made by the treasurer was the tax sale certificate with its recital of competitive bidding. The next record in point of time was that made in the tax sale record, made, according to the testimony, after the certificates, and which tended to support rather than to contradict the recitals in the certificates.

We have, then, a county treasurer, at the instance of the holder of invalid tax deeds against whom a suit is pending to have those deeds declared void, issuing corrective deeds containing recitals of material and essential facts contradicted by the recitals in the certificates and without personal knowledge of what the true facts were. But the trial court which found these corrective deeds to be valid had before it evidence in addition to the records of the

treasurer's office. The former treasurer, over objection that her testimony was incompetent and tended to contradict the records of her office, testified as to her recollection of the sale. We are of the opinion that, conceding the competency of this oral testimony, and giving to it that full measure of credibility to which the candor of the witness entitled it; the evidence was insufficient to support the finding of the trial court that the recitals in the corrective deeds were true. We prefer, however, to decide the case on another ground.

In Reckitt v. Knight, supra, this court said: "The * * * certificate of tax sale * * * recites that Brown county was 'the highest and best bidder for the property.' Such defects and irregularities on the part of the taxing authorities render the proceedings voidable." But in Brink v. Dann, 33 S. D. 81, 144 N. W. 734, 738, which appellant cites, this court also said: "We are of the opinion that the office of the certificate is merely to preserve evidence of the purchaser's interest and rights; that, if it contains all that section 2199 [now section 6790, R. C. 1919] provides that it should contain, then it is prima facie evidence of the regularity of 'the proceedings' pertaining to such sale; that, if it contains recitations other than those prescribed by such section and such recitations would tend to show some irregularity in proceedings, the effect of such recitation would simply be to destroy the certificate as evidence of the regularity of such particular proceeding. We think, however, that in no case is the certificate more than prima facie evidence, and that the truth may be shown in dispute thereof, as the deed rests upon the sale and not upon the certificate thereof. The only effect of the superfluous recitation, that the county was a competitive bidder, was to require respondent to prove the facts by evidence aliunde the certificate, and, if such facts showed a valid sale, appellant could not complain. It follows that evidence was admissible to contradict the superfluous statements contained in such certificates."

Granting that, under Brink v. Dann, supra, the trial court could have received evidence aliunde the certificate showing a valid sale, nothing in Gibson v. Perarek, supra, or Brink v. Dann, supra, authorized Treasurer McCoun to issue such corrective deeds on such evidence. It is one situation to say in a court decree, as was said in Gibson v. Pekarek, supra, that a corrective deed making

recitals authorized by records remaining in the treasurer's office is a valid deed. It is another situation for a court, with the interested parties before it, having received the record evidence of the treasurer's office and evidence aliunde the records, to threupon order, as in Brink v. Dann, supra, that the tax title claimant shall be vested with title unless those authorized to redeem shall forthwith redeem. It is a different situation for a court to say, as the lower court did in the present case, that a corrective deed, invalid at the time of issuance because unauthorized by the records in the treasurer's office, shall nevertheless be held valid nunc pro tunc because a trial court has thereafter received oral testimony which sufficiently overcomes and outweighs the record evidence in the treasurer's office. Had Treasurer McCoun not issued the 1927 corrective deeds to the party defendant in the suit then pending by appellants to have the voidable 1926 deeds declared void, the trial court must have adjudged the deeds void. Appellants, or such of them as could show valid liens against the land, might then have foreclosed their liens. Granting that appellants' rights might have been cut off by a corrective deed authorized by the records in the treasurer's office, are appellants to be deprived of that valuable right by an unauthorized act of the county treasurer? To so hold would make valuable property rights depend upon the ability of litigants to persuade county treasurers to issue tax deeds in defiance of the rule in Gibson v. Pekarek. We are of the opinion that the trial court was in error in adjudging the corrective deeds valid.

■ Respondent contends, however, that appellant has not complied with section 6825, R. C. 1919, relating to tender by a party assailing a tax deed. It was within the discretion of the trial court, and upon retrial will remain within the discretion of the trial court to fix a reasonable time for the deposit of an amount equal to the sum required by law to redeem from the tax sales involved. Although, in the briefs of counsel, the sufficiency of appellants' tender is questioned, we express no opinion upon that point excepting only that appellants, in the trial, showed a sufficient present compliance with the provisions of section 6825 to entitle them to proceed.

The judgment and order appealed from are reversed.

BROWN, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.