FISCHER et al., Appellants, v. DEWEY COUNTY et al., Respondents

(49 N. W.2d 189)

(File No. 9234. Opinion filed September 10, 1951)

**Morrison & Skaug,** Mobridge, for Appellants.
**P. M. Burns,** Timber Lake, for Respondents.

SICKEL, J. This is an action brought by Joseph J. Fischer and Wendelin Fischer as plaintiffs against Dewey County, Aloysius Leibel and Art G. Lenling for the purpose of quieting title to two tracts of land. Dewey County made no appearance but the other defendants answered denying plaintiffs' claim of ownership and alleging ownership in themselves and asking that the title be quieted in them.

The two tracts of land were sold to Dewey County at treasurer's tax sale on December 21, 1931. Tax deeds were issued to Dewey County on November 4, 1937. The county sold one tract of the land to defendant Leibel on July 6, 1943,

and sold the other tract to defendant Lenling on December 7, 1949. Both of the deeds to the county recited that "Dewey County did on the 21st day of December, 1931, purchase at public auction * * * the Real Property in this indenture described * * *." On May 12, 1949, after the commencement of this action the county treasurer issued two tax deeds to the county designated as "corrective", upon the same tax sale, which deeds recited that the property had been offered at public sale but was not sold for want of bidders. The court decided that the tax deeds, as corrected, are valid and that defendants became the owners of the land by conveyances from Dewey County and entered judgment quieting title in them. Plaintiffs appealed.

The decision of the circuit court is based upon a finding that the recitals of the first tax deeds to the effect that Dewey county purchased the land at public auction was erroneous; that the recitals of the second tax deeds to the effect that the land had been offered for sale by the treasurer at public auction but was not sold for want of bidders were true; that the second deeds are the form of tax deed which should have been issued in the first place and were issued to correct an omission or irregularity in the first deeds. The court further found that the recitals in the corrective deeds "related back to and took effect as of the date of said Certificates of Tax Sale". Upon these findings the court concluded that since this action was commenced by plaintiffs more than three years after the recording of the original tax deeds, it was barred by the three-year statute of limitations. SDC 57.0903, Amended by Ch. 337, S.L.1941. The first deeds related that the county was a competitive bidder at the tax sales. The county is authorized to bid at the sale of real property for taxes only "in case there are no other bidders offering the amount due * * *." SDC 57.1108. The tax deeds therefore show a state of facts under which the county was not authorized to bid in either case and the deeds are void on the face. This rule was established by this court in Reckitt v. Knight, 16 S. D. 395, 92 N.W. 1077, and has been adhered to ever since. Farmers & Merchants State Bank v. Whitten, 56 S. D. 445, 229 N.W. 304; Potts v. Miller, 73 S.D. 145, 39 N.W.2d 667, and

cases cited. So far as the first two tax deeds are concerned, the parties are in the same position as though the deeds had never been issued. The second deeds, referred to as the "corrective" deeds, were recorded on May 14, 1949. They are the only deeds in existence. As to those deeds, the statute of limitations commenced to run on the recording date and has not yet expired.

Plaintiffs alleged as a part of their cause of action that the tax sale and the redemption proceedings were not conducted according to law in several particulars and ask that the tax sales and the deeds be set aside because of those alleged defects. Since the statute of limitations was not a defense in this action, those contentions of plaintiffs are not barred. However, the circuit court did not decide any of the questions so presented, but merely held that the matters so alleged by plaintiffs as a part of their cause of action were not available to plaintiffs because of the statute of limitations. In view of our conclusion that the statute of limitations is not a defense in this case, these issues remain to be tried by the circuit court.

The judgment of the circuit court is reversed.