## HARRIS v. STEARNS, County Treasurer.

1. Laws 1890, p. 318, c. 150, § 3, providing that possession of a tax receipt shall be conclusive evidence that all prior taxes on the property have been paid, and shall be a bar to their collection, is repugnant to Const. art. 6, § 2, providing that no person shall be deprived of life, liberty, or property without due process of law; as a county is a ·person and a tax property, within the meaning of the section.

2. Laws 1890, p. 318, c. 150, § 3, providing that possession of a tax receipt shall be conclusive evidence that all prior taxes on the property have been paid, and shall be a bar to their collection, is repugnant to Const. art. 11, § 7, declaring that all laws exempting property from taxation shall be void. HANEY, P. J., dissenting in part.

(*Opinion filed December 2, 1903*)

Appeal from circuit court; Douglas county. Hon. E. G. SMITH, Judge.

Action by V. K. Harris against W. F. Stearns, as treasurer of Douglas county. From a judgment· for defendant, plaintiff appeals. Affirmed.

*French & Orvis*, for appellant.

*E. P. Wanzer*, for respondent.

FULLER, J. This action was instituted to restrain the sale of certain real property in satisfaction of certain personal property taxes. A demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action having been sustained, and the plaintiff having elected to stand on his pleading, judgment was rendered in favor of the defendant, from which the plaintiff appealed.

The allegations of the complaint are as follows: "(1) That since the 1st day of January, 1901, the defendant has been and now is the duly elected, qualified, and acting treasurer of Douglas county, state of South Dakota. (2) That on the 26th day of April, 1893, the plaintiff purchased from one John T. M. Pierce the following described land lying and being situate in the county of Douglas and state of South Dakota, to wit, southwest quarter of section 15, in township 100 north, of range 64 west of the 5th principal meridian, and ever since said time has been, and now is, the owner in fee simple of said above-described land. (3) That on the 29th day of September, 1900, a tax receipt was issued to this plaintiff, by the then treasurer of said Douglas county, upon said property, for the taxes due thereon for the year 1899, which is now in plaintiff's possession; that there was never noted on said tax receipt by anyone anything to show that any taxes for any former year or years chargeable against said land were unpaid, or that any one had filed with the treasurer of said county an affidavit stating that there was a legal defense to the collection of any former tax against said property; that plaintiff also has in his possession similar tax receipts for the payment of taxes on said lands for the years 1898, 1897, and other years. (4) That the above-named defendant, as treasurer of said county, has advertised the said above-described land, and the whole thereof, for sale, as appears by the delinquent tax list of the year 1900, and advertisement of date October 1, 1901, for the personal tax of one M. J. Renshaw for the years 1886, 1887, 1888, and 1889, who was at said dates the owner of said land; that the original amount for which assessment was made was $34.12; that there is also claimed to be due penalty and interest on

said tax amounting to $58.93, and said defendant will, unless restrained by order of this court, pursuant to said advertisement, sell the above-described land for the above-described taxes claimed to be a lien against said land, together with penalty and costs, on the 4th day of November, 1901.   (5)   That plaintiff has no speedy or adequate remedy at law."

Chapter 150, p. 318, Laws 1890, contained the following provisions, which are still in force:

"Sec. 2,   The county treasurer in collecting taxes shall collect the oldest tax first, and shall in no case issue his receipt for the current year until all prior taxes are paid, except in cases where the taxpayer makes and files with the county treasurer his affidavit stating that he has a legal defense to the collection of such former tax, in which case the treasurer shall note in any subsequent receipt the making of such affidavit, stating the amount and year covered thereby.

"Sec. 3.   The possession of a tax receipt upon property so listed, issued by the county treasurer under the provisions of this and the preceding section, shall be conclusive evidence that all prior taxes which are chargeable against the lands in such receipt described, or in case of a personality tax against the person named in such receipt have been fully paid and shall be a bar to the collection of any prior taxes thereon, unless otherwise stated in the receipt."

Laws 1891, p. 57, c. 14, §§ 82, 83; Laws 1897, p. 62, c. 28, §§ 84, 85; Rev. Pol. Code, §§ 2148, 2149.

The contention that these sections are inoperative because the subjects to which they relate were not embraced in the title of the general revenue act of 1891 is clearly untenable. Counsel for respondent has evidently overlooked chapter 150,

p. 317, Laws 1890.   No objection is or can be made to the title
of that act.   Its provisions are still in force either as parts of
the revised revenue laws or by virtue of the original enact-
ment.   If the attempt to re-enact the existing statute was
ineffectual, the law remained as it was before such attempt
was made.   Moreover, the sections quoted are clearly within
the scope of the title of each of the general revenue acts.

Section 2, Art. 6, of the Constitution, declares that "no
person shall be deprived of life, liberty or property without
due process of law," and respondent's contention that the
foregoing statute is in conflict therewith is clearly maintain-
able.   That each organized county is a body corporate, and as
such deemed to be a person within the meaning of the Con-
stitution, cannot be denied.   Undoubtedly, a tax legally im-
posed is municipal property, of which the municipality cannot
be deprived except by due drocess of law.   After discussing
the well recognized doctrine that papers, reports, and other
documents may be made prima facie evidence of the facts
therein recited, Judge COOLEY says: "But the Legislature can-
not pass conclusive rules of evidence; that is to say, it cannot
make the showing by one party to a controversy conclusive of
the truth of the facts shown, thus, in effect, denying to the
other party a hearing.   Its power over the rules of evidence is
a power to shape and mould, for the purposes of justice, the
rules under which parties are to make a showing of their
rights, and not a power to preclude their showing them.   The
most formal conveyance may be a fraud or a forgery; public
officers may connive with rogues to rob the citizen of his
property; witnesses may testify or officers certify falsely, and
records may be conclusively manufactured for dishonest pur-

poses; and that legislation which would preclude the fraud or wrong being shown, and deprive the party wronged of all remedy, has no justification in the principles of natural justice or of constitutional law.'' Cooley on Taxation, 298. While the county treasurer is not empowered to hear and determine litigated controversies, the Legislature has attempted to relieve property from the burden of taxation by maxing his receipt for taxes more conclusive than the judgment of a court of competent jurisdiction. The statute not only divests property without a hearing, but operates to contravene the express terms of section 7, Art. 11, of the Constitution, declaring that ''all laws exempting property from taxation * * * shall be void.''

HANEY, P. J. (dissenting). I concur in the majority opinion except as to the unconstitutionality of the statute quoted therein. and the conclusion that the judgment should be affirmed. Realizing that dissenting opinions are of no practical value, I shall merely outline my reasons for not concurring with the majority of the court on the principal proposition established by its decision. It seems to me there is a substantial distinction between a law which attempts to make a tax deed conclusive evidence of its own recitals and a law which makes the possession of a tax receipt conclusive evidence that the county treasurer has done his duty regarding the collection of prior taxes. It is, of course, logical and just that the recitals in a tax deed, placed there by an agent of the government for the benefit of the government and the holder of the tax title, should not have the effect of depriving the tax payer of his property where such recitals are false. But does it

follow that the government may not be estopped, under certain circumstances, by reason of its officer's failure to properly perform his official duty? I think not. Were the statute given effect, certainly no injustice would result under the circumstances disclosed by the record in the case at bar. It was evidently the design of the legislature to enforce so far as possible the prompt collection of all taxes from those who are under moral as well as legal obligations to pay the same, and to avoid the accumulation of past due claims against either persons or property. The law makes it the duty of the county auditor to examine all duplicate receipts issued by the county treasurer, and where it appears that "the treasurer has not collected the full amount of taxes and interest which according to the tax list and the terms of the receipt he should have collected, then the auditor shall forthwith charge the treasurer with the amount such receipt falls short of the true amount and the treasurer shall be liable on his official bond to account for and pay over the same," Rev. , Pol. Code, § 2150. If a treasurer issues a receipt which omits to mention prior taxes chargeable against the land described therein, he "has not collected the full amount of taxes and interest which, according to the tax list and the terms of the receipt, he should have collected," and is liable on his official bond for the loss of revenue thus occasioned. County treasurers are liable on their official bonds, independently of the section just cited, for any failure to faithfully discharge their official duties which results in loss of revenue. The effect of the section under discussion, taken in connection with the entire revenue law, is simply to place the consequences of the treasurer's failure to perform his duty upon

that officer where they properly belong, and not upon the tax payer, who is charged with no duty to see that all taxes are collected. If the officers charged with the duty to bring forward and collect taxes when they become due fail to perform such duty, I see no reason why the Legislature may not provide that the penalty for such failure shall be personal liability for the uncollected taxes. The government would be no more liable to suffer loss of revenue by reason of the treasurer's failure of duty in this respect than it would by reason of his failure to pay over money collected in the usual course of business. In either case the government would merely have recourse to his official bond. Certainly, in the latter it could not compel a second payment by the taxpayer. The possession of a writing purporting to be a tax receipt obtained from the treasurer by means of larceny, forgery or fraud would not, in my opinion, fall within the spirit or letter of this law. Such a writing would not be a tax receipt "issued by the county treasurer under the provisions of" the statute. It would be a mere nullity. It is only tax receipts issued by the county treasurer under provisions of the statute—that is to say, issued in the usual and ordinary discharge of his official duties —that are conclusive evidence of the payment of prior taxes. But why further pursue this line of thought? Any argument against the constitutionality of a legislative enactment, based on the presumption that public officers will disregard or neglect official duties, seems to me to be wanting in force, if not wholly unsound. The fact shown by the majority opinion that this statute was enacted in 1890, re-enacted in 1891, again re-enacted in 1897, and carried by the learned code commissioners into the revision of 1903, while not conclusive, demands seri-

ous consideration in passing upon its validity. This court has frequently announced the universally recognized doctrine that a statute will not be declared unconstitutional unless the conflict between its provisions and the organic law is so plain and palpable as to leave no reasonable doubt of its invalidity. To my mind, the invalidity of the enactment is clearly not free from all reasonable doubt. For this reason, if for no other, I think effect should be given to the legislative will as expressed in the statute. With the wisdom of legislation courts are not concerned. If this is a bad law (which I do not concede), the Legislature should be trusted to repeal it.

It is contended by respondent that, though the statute be constitutional, it has no application to the state of facts disclosed by the complaint in this action; the argument being, as I understand it, that a receipt for taxes can only be conclusive evidence of the payment of prior personal property taxes when it is issued to and in the name of the person against whom the prior taxes were assessed. I cannot concur in this view. If there is any doubt as to the meaning of section 2149, it arises from the parenthetical clause, "or in case of a personalty tax against the person named in the receipt." Were such clause omitted, the section would read thus: "The possession of a tax receipt upon property so listed, issued by the county treasurer under the provisions of this and the preceding section, shall be conclusive evidence that all prior taxes which are chargeable against the lands in such receipt described, have been fully paid and shall be a bar to the collection of any prior taxes thereon, unless otherwise stated in the receipt." What would then be the meaning of the section? "Property so listed" embraces both real and personal; therefore the receipt

contemplated by the statute might be for taxes upon either personal or real property, or both, and its possession would be conclusive evidence that all prior taxes chargeable against the realty described in the receipt have been fully paid. The phrase, "all prior taxes which are chargeable against the lands described in such receipt," would clearly include any taxes for which the land might be sold. Then the section with the parenthetical clause omitted would mean that the possession of a clear receipt which includes the taxes upon any real property described therein shall be conclusive evidence that all prior taxes for which such land might be sold were fully paid. Now what was the purpose and effect of the parenthetical clause? Without it all real property would be protected from being sold to satisfy any prior taxes chargeable against it when the receipt was issued. Was the parenthetical clause intended to limit or qualify this principal provision of the statute? I think not. Having declared the effect of a receipt for taxes upon real property, I think the clause in question was inserted merely for the purpose of providing for receipts which include only personal property taxes. If this be so, then we have two classes of receipts; the first operating to release the land described from all prior charges, and the second operating to release the person named in the receipt from all prior charges. If however, the words "or in case of a personalty tax" relate to a receipt which includes both real and personal property taxes, the result is the same. They must be taken in connection with the words, "all prior taxes chargeable," and then the possession of such a receipt shall be conclusive evidence that all prior taxes chargeable against the land described in such receipt or against the person named therein have been fully paid. These

two propositions are entirely consistent and consonant with the general policy of our revenue law. It certainly would be unreasonable to assume, in the absence of language clearly indicating such an intent, that the Legislature designed that a clear receipt for taxes upon real property should operate as a release of all prior taxes on personal property assessed against the person who receives such receipt, and not operate to release prior taxes upon personal property assessed against some other person of which the person receiving the receipt would presumably have no knowledge. I think that the possession of the tax receipt described in the complaint is conclusive evidence that all prior taxes chargeable against the land described therein, when it was issued, have been fully paid; that the personal property taxes for which the treasurer now threatens to sell the plaintiff's land were then chargeable against such land; and that their collection is barred by such receipt. Upon the record as presented to this court I think the demurrer to the complaint should have been overruled.