## HARRIS v. STEARNS, County Treasurer.

Laws 1890, p. 318, c. 150, § 3, re-enacted in 1891, 1897, and carried into Rev. Pol. Code, § 2149, providing that possession of a tax receipt shall be conclusive evidence that all prior taxes on the property have been paid, when taken in connection with the entire revenue law, places the consequences of a treasurer's failure to perform his duty in collecting taxes on him, and the statute is not in conflict with Const. art. 6, § 2, providing that no person shall be deprived of life, liberty, or property without due process of law.

The statute so construed is not in conflict with Const. art 11, § 7, declaring that all laws exempting property from taxation shall be void.

It is only tax receipts issued by the county treasurer in the usual discharge of his official duties that are conclusive evidence of the payment of prior taxes, within Laws 1890, p. 318, c. 150, § 3, re-enacted in 1891, 1897, and carried into Rev. Pol. Code, § 2149, providing that possession of a tax receipt shall be conclusive evidence that prior taxes

have been paid, and the possession of a tax receipt obtained by larceny forgery, or fraud, is not within the statute.

Laws, 1890, p. 318, c. 150, § 3, re-enacted in 1891, 1897, and carried into Rev. Pol. Code, § 2149, providing that possession of a tax receipt shall be conclusive evidence that prior taxes "which are chargeable against the lands in such receipt described, or in case of a personalty tax against the person named in such receipt have been fully paid," provides for two classes of receipts, the first operating to release the land described in a receipt from prior charges, and the second operating to release the person named therein from all prior charges; and if the words "or in case of a personalty tax" relate to a receipt which includes both real and personal property taxes, they must be taken in connection with the words "all prior taxes chargeable," so that the possession of a receipt will be conclusive evidence that all prior taxes chargeable against the land described therein, or against the person named therein, have been paid.

Fuller, P. J., dissenting.

,Opinion filed, June 27, 1906.)

On petition for rehearing. Former opinion reversed, and judgment below reversed.

For former opinion, see 17 S. D. 439, 97 N. W. 361.

HANEY, J. A statement of the issues presented by this appeal will be found in our former decision. Harris v. Stearns, 17 S. D. 439, 97 N. W. 361. The views expressed in the dissenting opinion then filed (a rehearing having been granted) are now adopted by a majority of the court.

For the reasons therein stated, our former order of affirmance is overruled, and the judgment and order of the circuit court are reversed.

FULLER, P. J., dissenting.