## KING et al. v. LANE.

Comp. Laws 1887, § 1622, provides in relation to tax sales that the person who offers to pay the amount due on any parcel of land for the smallest portion of the same is to be considered the highest bidder. Section 1639 provides a form for tax deeds, requires that it be substantially followed, and makes the deed conclusive evidence of

the facts therein recited. Laws 1891, p. 64, c. 14, § 106, being a subsequent statute to section 1622, provides that nothing less than the entire tract can be sold, and that the person offering to pay the full amount of taxes, penalty, and cost at the lowest rate of interest per annum shall be considered the highest bidder. **Held,** that where a deed issued after a sale under Laws 1891, was in the form prescribed by section 1639, and recited that the land sold was the least quantity that was sold for the amount due thereon for taxes, etc., it was void on its face as showing a non-compliance with Laws 1891, p. 64, c. 14, § 106.

Limitations do not run in favor of a tax deed void on its face.

The Scavenger law (Laws 1901, p. 51, c. 51), providing for the collection of delinquent taxes, provides for the issuance of a treasurer's certificate of sale to the purchaser, and makes it a conveyance in fee simple to the purchaser, who may record the certificate as a deed after one year, and after the giving of notice to the owner of maturity of the certificate, and the filing of proof of the giving of such notice with the clerk of the circuit court. **Held,** that the giving of such notice and due filing of proof thereof is an essential requirement of the statute.

Rev. Pol. Code, § 2148, provides that the county treasurer in collecting taxes shall collect the oldest tax first, and in no case issue his receipt for the current year until all prior taxes are paid, except where the taxpayer makes and files with the county treasurer an affidavit stating that he has a legal defense to the collection of such former tax, in which case the treasurer shall note in any subsequent receipt the making of such affidavit, stating the amount, etc. Section 2149 provides that the possession of a tax receipt on property shall be conclusive evidence that all prior taxes chargeable against the lands have been fully paid, and be a bar to the collection of any prior taxes, unless otherwise stated in the receipt. **Held,** that the possession of a clear tax receipt issued to a taxpayer without any of the required notations is conclusive evidence that all prior taxes chargeable against the property have been paid.

Under the express provisions of the Scavenger law (Laws 1901, p. 51, c. 51), providing a means to enforce the collection of delinquent taxes, when a sale of lands under the statute is declared void, the money paid by the purchaser, with interest at 12 per cent per annum from the date of such payment, is to be refunded to the purchaser out of the county treasury.

Where, in an action to quiet title by a party in possession, it appears that the tax deed under which he claims is wholly insufficient to prove his alleged title, but defendant fails to establish any title, a recovery as against defendant is justified.

(Opinion filed, December 19, 1906.)

Appeal from Circuit Court, Hand County. Hon. CHARLES S. WHITING, Judge.

Action by Frank J. King and another against W. H. Lane. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

*B. A. Knight* and *J. H. Cole,* for appellants. *Crawford & Taylor,* for respondent.

FULLER, P. J. On the 2d day of November, 1891, the 160 acres of land made the basis of this action to quiet title was sold to plaintiffs' grantor for the delinquent taxes of the preceding year, and the treasurer's deed under which they claim fee-simple ownership is in the form prescribed by section 1639 of the Comp. Laws of 1887, and contains the recital that the whole quarter section "was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs and charges as above specified." It was thus conclusively shown that the property was offered and sold pursuant to section 1622 of the Compiled Laws of 1887, which provides, among other things at variance with the later statute, that "the person who offers to pay the amount due on any parcel of land for the smallest portion of the same is to be considered the highest bidder." According to the statutory method in force at the time of this sale, the treasurer is required to first offer in bulk all the lands advertised for delinquent taxes, and the purchaser thereof is the person who bids the full amount due, and states in his bid the lowest rate of interest per annum at which he will pay the same, which in no event can exceed 15 per cent. Failing to receive a bid for the lands thus offered in bulk, he must proceed in like manner to offer each separate tract for sale in numerical order as the same appears on the tax list. Nothing less than the entire tract can be sold, and the person offering to pay the full amount of taxes, penalty, and costs at the lowest rate of interest per annum shall be considered the best bidder. Section 106, c. 14, p. 64, Laws 1891. As the form of tax deed given in the statute is to aid the treasurer in stating the facts essential to its validity, and substantial adherence to such form is all that is required, it must have been the intention of the Legislature to allow such deviation therefrom as subsequent changes in the statute might make

necessary in order to truthfully show the procedure essential to a valid sale. By following the form of a tax deed made conclusive as to the truth of all the facts recited and prescribed for use under a statute that had been repealed a clearly illegal method of conducting the tax sale is disclosed therein, and the deed is therefore void upon its face. Reckitt v. Knight, 16 S. D. 395, 92 N. W. 1077; Thompson v. Roberts, 16 S. D. 403, 92 N. W. 1079.

'In Reckitt v. Knight, supra, we say: "The recitals of such a deed are in the nature of a final certificate on the part of the treasurer, designed to perpetuate the record, and show that all preliminary steps have been taken at the time and in the manner provided by law. In construing our statute relative to a sale made at public auction to an authorized bidder, omissions from the statutory form relating to jurisdictional matters have been uniformly held sufficient to render the deed void upon its face. Unless the form provided by the earlier statute must yield to substance, to the extent of showing a compliance with subsequent law on the part of a purchasing county, the purpose of the Legislature in requiring jurisdictional recitals in a tax deed is entirely defeated. According to a most familiar rule of evidence, and independently of the statutory provision that "such deed shall be conclusive evidence of the truth of all the facts therein recited." It would not be competent to show in this action that, notwithstanding the recitals of the deed, the land was not illegally sold. It follows that plaintiff took nothing as the grantees of the purchaser at such illegal tax sale, and as the statute of limitations does not run in favor of a tax deed void upon its face, the fact that this deed had been of record for more than three years before the commencement of the action is of no substantial consequence.

It affirmatively appears upon the face of the record that, claiming title in fee, plaintiffs and their grantor have paid at maturity all taxes assessed from the year 1891 to 1901, inclusive, and it is alleged in the complaint, and nowhere denied, that they were in possession of the premises at the time of and long prior to the commencement of this action. As they wholly relied upon the proposition that their tax deed was valid and the alleged scavenger title void, no right to relief was contended for at the trial by

virtue of our decisions to the effect that a void tax deed constitutes color of title, nor was any claim made that they had complied with the statute prescribing conditions under which absolute title may be acquired by payment, under claim and color of title made in good faith, of all taxes legally assessed for 10 successive years. Parker v. Vinson, 11 S. D. 381, 77 N. W. 1023; Meadows v. Oster-kamp, 13 S. D. 571, 83 N. W. 624; Stokes v. Allen, 15 S. D. 421, 89 N. W. 1023; sections 54, 55, Rev. Code Civ. Proc.

In support of defendant's adverse claim and assertion of fee title based upon a tax judgment and certificate of sale, evidence was introduced showing an irregular sale of the premises to Hand county in 1890 for the delinquent taxes of 1889, and also the proceedings had under chapter 51, p. 51, Laws 1901, being what is commonly called the "Scavenger Law," providing a means to enforce the collection of delinquent taxes on real property for the year 1891 and years prior thereto. Under this law the county treasurer makes and publishes a list of all property upon which such taxes are delinquent, and, if no defense is offered within 30 days after the completion of publication, the circuit court adjudges the property described therein liable for the amount of taxes specified in the notice, and the sale therefor is decreed, unless the same is paid within a period provided by the statute. Subject to the right of redemption, the treasurer's certificate of sale conveys the land in fee simple to the purchaser, who may record such certificate as a deed "after one year and after the proof of notice of expiration and maturity of the certificate has been filed with the clerk of the circuit court." Although the certificate of sale upon which defendant relies was filed for record after one year had elapsed from the date of its issuance, it was shown by the evidence and found by the court that the provision had in no manner been complied with which requires the holder thereof to serve notice upon the owner, "not less than 90 days preceding the maturity of such certificate," in which it must be stated, in substance, that the certificate will become absolute unless redemption is effected before a day specified in such notice. That the giving of notice and the due filing of proof thereof is an essential requirement of the statute is clear from the following provision: "Proof of the notice

herein provided for must be filed in the office of the clerk of the circuit court prior to maturity of such certificate." "The fee simple of any piece or parcel of land named in any certificate shall not vest in the holder thereof until the notice provided for herein is given and due proof thereof filed with the clerk of the circuit court." Sec. 15, c. 51, p. 58, Laws 1901.

Being called upon to notice another objection which goes to the groundwork, and is clearly jurisdictional and fatal to the entire proceeding, it need not be determined whether the failure to give notice of the maturity of the certificate invalidated all previous steps taken to enforce payment of the taxes of 1889, but it is plain that such defect would alone be sufficient to prevent the vesting of title to the premises in defendant. While upon certain of the tax receipts received from the county treasurer by plaintiff's grantor, upon payment of taxes assessed against the premises in controversy, is written "1889" below the printed expression "Sold for taxes and not redeemed," nothing of that character appears to have been noted on the tax receipts for the years 1890, 1891, 1892, 1893, 1894, 1895, and 1898; nor is there anything on either of such receipts to indicate that a taxpayer had ever filed an affidavit with the county treasurer asserting a legal defense to the collection of any former tax.

The following sections of the Revised Political Code have been in force ever since July, 1890, and are conclusive as to the foregoing facts:

"Sec. 2148. The county treasurer in collecting taxes shall collect the oldest tax first, and shall in no case issue his receipt for the current year until all prior taxes are paid except in cases where the taxpayer makes and files with the county treasurer his affidavit stating that he has a legal defense to the collection of such former tax, in which case the treasurer shall note in any subsequent receipt the making of such affidavit, stating the amount and year covered thereby.

"Sec. 2149. The possession of a tax receipt upon property so listed, issued by the county treasurer under the provisions of this and the preceding section, shall be conclusive evidence that all prior taxes which are chargeable against the lands in such receipt de-

scribed or in case of a personalty tax against the person named in such receipt have been fully paid and shall be a bar to the collection of any prior taxes thereon, unless otherwise stated in the receipt."

Practically the same facts were presented in the case of Harris v. Stearns, 17 S. D. 439, 97 N. W. 361, where, upon first impression, a majority of the court held these statutory provisions to be unconstitutional, but, disaffirming that view on rehearing, the majority decided in favor of their validity, and held that the possession of a clear tax receipt issued to a taxpayer without any of the required notations by the county treasurer is conclusive evidence that all prior taxes chargeable against the property described therein have been paid. Harris v. Stearns, 20 S. D. 622, 108 N. W. 247. It therefore follows that the sale of the premises by the county treasurer for the taxes of 1889 was without authority, and that all the proceedings under which defendant claims title are nugatory and void.

While the defendant was in no position to litigate property rights as against plaintiffs in possession and no relief is obtainable in this action, we quote as follows a remedial provision of the scavenger law applicable to the facts disclosed by the record: "When a sale of lands, or lots, as provided in this act, is for any cause declared void by judgment of the court, the money paid by the purchaser at the sale shall, with interest at the rate of twelve (12) per cent. per annum from the date of such payment, be refunded to the purchaser, his heirs or assigns, out of the county treasury, on the order of the county auditor, and so much of such money as has been paid into the state treasury shall be charged to the state fund and deducted from the next money due the state on account of taxes." Section 22, c. 51, p. 61, Laws 1901. The case of Weeks v. Cranmer, 18 S. D. 441, 101 N. W. 32, was an action to quiet title by a party in possession claiming under a deed that was wholly insufficient to prove his alleged title, but possession and claim of ownership was held sufficient to justify a recovery as against a defendant who failed to establish any title himself.

So, under the facts and circumstances of this case, the decision of the trial court that plaintiffs are not entitled to possession is erroneous, and the judgment appealed from is reversed.

CORSON, J., not sitting.