GUARANTY STATE BANK OF SISSETON, et al, Respondents, v. ROBERTS COUNTY, Appellant.

(234 N. W. 35.)

(File No. 6937. Opinion filed December 30, 1930.)

Clarence Anderberg, of Sisseton, for Appellant.
Turner & McKenna, of Sisseton, for Respondents.

BURCH, J. On the 17th of January, 1924, certain real estate in the city of Sisseton then belonging to N. C. Klein was transferred by said Klein to the Guaranty State Bank of Sisseton. At the time of the transfer Klein owed personal taxes for 1922 and 1923 which were then a lien on said real property and which have never been paid. On the 14th of December, 1924, the examiner in charge of the bank (it then being insolvent and in the hands of the superintendent of bank for liquidation) paid the real estate taxes assessed against the property, and the county treasurer issued his tax receipt therefor on a form in general use in the county. Since then the taxes assessed against said property have been regularly paid and receipts in the usual form have been issued by the county treasurer. Roberts county, as the collecting agent of the several

taxing districts, claims a lien upon the said real estate for the personal taxes assessed against Klein for those years. The superintendent of banks brought this action to quiet title to the real estate as against the claimed lien for personal taxes of Klein. The trial court rendered judgment for plaintiffs, and defendant appeals from the judgment and an order denying a new trial.

The sole question for our determination is the effect of an indorsement on the margin of the treasurer's receipt in these words: "This receipt is not a bar to the collection of any prior tax."

Section 6766, R. C. 1919, provides: "The county treasurer in collecting taxes shall collect the oldest tax first, and shall in no case issue his receipt for the current year until all prior taxes are paid. The possession of a tax receipt issued by the county treasurer shall be conclusive evidence that all prior taxes which are chargeable against the lands in such receipt described, or, in case of a personalty tax, against the person named in such receipt, have been fully paid and shall be a bar to the collection of any prior taxes thereon, unless otherwise stated in the receipt."

It is claimed by respondents that the possession of the receipt is conclusive evidence of payment of such taxes so far as they affect the real property belonging to the bank, and that the county is estopped to assert a lien or any claim thereon for such taxes. Appellant contends that the receipt is not conclusive because it is "otherwise stated in the receipt." Both parties concede the possession of a receipt without the marginal notation, "This receipt is not a bar to the collection of any prior tax," would be conclusive evidence of payment and bar the county. The effect and sufficiency of the marginal notation to remove the bar is the question at issue. In Harris v. Stearns, 17 S. D. 439, 97 N. W. 361, this court considered the effect of a receipt, without notation, concerning prior taxes and held the statute unconstitutional, Judge Haney dissenting. On rehearing, Judge Haney's dissenting opinion was adopted as the opinion of the court, and the first opinion was overruled. Harris v. Stearns, 20 S. D. 622, 108 N. W. 247. Since that decision there has been an apparent effort throughout the state to prepare a printed form of receipt that will not be conclusive evidence of payment of prior taxes. The first invention to receive official construction was a notation, "This receipt is not a bar to the collection of any personal tax." In response to a question as to its effect, the Attorney General advised on February 11, 1909:

"In the case you mention, the crucial point is whether this notation, 'This receipt is not a bar to the collection of any personal tax,' is sufficient to avoid the effect of Section 2149 (6766). The latter part of the section quoted above is not definite as to whether a specific unpaid tax must be endorsed upon the receipt before it loses its effect as conclusive evidence, or whether a general statement such as was used is sufficient to bar any prior unpaid taxes. However, since Section 2149 is in derogation of the common law rule that all taxes remain a lien upon the property of the owner until paid, I am inclined to think that the courts might reasonably hold the notation sufficient; and that with such a notation upon the tax receipt, the receipt will not be clear as is contemplated in the following decisions: Rochford v. Fleming, 10 S. D. 24 [71 N. W. 317]; Harris v. Stearns, 17 S. D. 439 [97 N. W. 361]; Harris v. Sterns, 20 S. D. 622 [108 N. W. 247]; King v. Lane [21 S. D. 101], 110 N. W. 37.

"I think that a person paying taxes might require the treasurer to issue a receipt without the exception, as noted in your tax receipts, providing there were no prior unpaid taxes, and I think a person paying taxes could lawfully refuse to accept a tax receipt with this notation.

"But if the party paying taxes accepts a receipt with this notation upon it, it occurs to me that he waives the protection afforded him by the provisions of Section 2149. I think, therefore, you would be justified in seeking to enforce personal taxes against real estate where the only objection to the payment of taxes is the production of a subsequent receipt bearing the notation mentioned above." Attorney General's Report 1909-10, p. 51.

If any attempt was made thereafter to collect personal taxes against real estate as suggested by the Attorney General, no case reached this court, and the question has never been decided here. Again on October 5, 1926, the Attorney General passed on the effect of a notation on the receipt: "This receipt is not a bar to the collection of any prior taxes real or personal."

The Attorney General advised: "The statute above quoted provides that the tax receipt shall be a bar to the collection of prior taxes unless otherwise stated in the receipt. The statute is not clear as to whether or not a specific tax must be endorsed upon the receipt or mentioned therein or whether a general statement is

sufficient. This provision of law is a derogation of the common law rule that all taxes remain a lien upon the property of the owner until paid, and I am of the opinion that the notation contained in these tax receipts is sufficient. 1909-1910 Attorney General's Report 51." Attorney General's Report 1926, p. 330.

And on May 24, 1928, the 'Attorney General considered a notation on the receipt in the identical words of the receipt now before this court, "This receipt is not a bar to the collection of any prior tax," and advised: "Without the second sentence, it appears certain that the holder of a tax receipt could not urge that such receipt was conclusive evidence of the payment of all prior taxes. Since such a holder relies upon the second sentence to make his tax receipt conclusive evidence of the payment of such prior taxes, he must also accept the provision contained in the same sentence authorizing a statement upon the receipt destroying its conclusive character. The second sentence appears to recognize the fact that the county treasurer may inadvertently fail to follow the direction of the first sentence and to authorize a notation upon a tax receipt similar to that referred to in your inquiry to provide against such contingency. Should the tax payer insist upon a tax receipt without such a notation the county treasurer would have notice of the conclusive effect of his act in issuing a clear receipt." Attorney General's Report 1927-28, p. 294.

It will be noticed that with each succeeding change in the notation it became less specific as to the tax excepted. In the first personal taxes are excepted, in the second all prior real or personal taxes are excepted, while in the last all prior taxes are excepted. The statute (section 6766) was evidently designed not only to prescribe a duty of the treasurer to collect the oldest tax first, but to provide a penalty for failure to do so, for the following section (6767) provides: "It shall be the duty of the auditor, on receiving any duplicate tax receipt from the treasurer, forthwith to examine the same and compare it with the tax list in his possession and see if the total amount of taxes and the several amount of the different funds are correctly entered and set forth in such receipt, and in case it shall appear that the treasurer has not collected the full amount of taxes and interest which according to the tax list and the terms of the receipt he should have collected, the auditor shall forthwith charge the treasurer with the amount such receipt falls

short of the true amount, and the treasurer shall be liable on his official bond to account for and pay over the same."

Probably another purpose of the statute is the protection of taxpayers who must of necessity rely upon the records in the hands of the treasurer and upon the treasurer's faithful discharge of his duties. Both the public as a whole and the individual concerned are affected by the action of the treasurer in the collection of taxes. We are not concerned with the wisdom of the legislation. It has been held constitutional, and should be given effect.

██ The purpose of the notation is to defeat and evade the statute, not to except specific taxes of doubtful validity awaiting adjudication, or specific taxes which for some other reason may properly be delayed in collection. If the treasurer does his duty, very few receipts will need any exception. In those cases where an exception is proper for some good reason a specific exception can be made. The statute makes all receipts conclusive unless otherwise stated in the receipt. The printed form adopted attempts to make no receipt conclusive. There is nothing to indicate that the Legislature intended to leave it to the option of the treasurer to issue inconclusive receipts in all cases. The Attorney General recognizes the right of the taxpayer to a conclusive receipt if he demands it. On payment of all taxes, the taxpayer is certainly entitled to a receipt, and it would seem that the receipt should be all that his payment entitles him to, without demand. Yet under the form used no attempt is made to issue a clear receipt to the great number of taxpayers who pay the full tax and have a right to expect a clear receipt. If the treasurer does his full duty he will issue to each taxpayer the receipt to which he is entitled without demand. If he does this, the printed notation, if anything more than immaterial and redundant matter, must be erased or in some manner eliminated. No one intends that to be done. It is plain the notation is simply to change the legal effect of all receipts so as to make them inconclusive instead of conclusive as prescribed by statute; in other words, to amend the legislative enactment.

To give any effect to the statute, we must hold that the matter "otherwise stated in the receipt" must pertain to taxes known to exist, but which for some reason the treasurer may properly fail to collect at the time, or to taxes known to probably exist which the treasurer is not in duty bound to ascertain because of the

nature of the transaction between the taxpayer and treasurer. There is but one transaction in which the latter will apply and that is where the taxpayer is offering to pay realty tax alone on specific real property. In such case the lien of all personal taxes may be preserved by a notation to that effect, although the treasurer has not ascertained that such tax exists or the amount if it does exist. We are satisfied the notation on the receipts involved in this action did not destroy their conclusiveness as evidence of payment of all taxes chargeable against the land and that the trial court did not err in quieting the title in respondents as against the personal taxes of Klein.

The judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY, J., concur.

SHERWOOD and CAMPBELL, JJ., concur in result.