## UNION CENTRAL LIFE INSURANCE COMPANY, Appellant, v. HOILIEN, et al, Respondents.

### (244 N. W. 116.)

(File No. 7295. Opinion filed September 8, 1932.)

*Wallace E. Purdy,* of Brookings, for Appellant.
*Max Stokes,* of Aberdeen, for Respondents.

ROBERTS, J. Plaintiff appeals from an order sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that the plaintiff acquired a mortgage on a quarter section of land described therein; that the defendant Webster claims to be the owner of a tax sale certificate issued by the county treasurer of Brown county upon the tax sale held on December 10, 1928; that the sixth installment of a drainage assessment upon which the sale was made was levied against the premises upon which the plaintiff acquired the mortgage; that subsequently the plaintiff paid drainage assessments and holds tax receipts issued by the county treasurer of Brown county showing pay-

ment by the plaintiff of the seventh, eighth, and ninth installments of the drainage assessment chargeable against the premises in question; and that the receipts issued to the plaintiff contained no notation that the sixth installment or other tax was due or unpaid. The relief demanded is that the county treasurer and his successors in office be enjoined and restrained from issuing a tax deed to defendant Webster, and that the said Webster be declared to have no right, title, or interest in the premises by virtue of the tax sale certificate issued to him.

The sole question presented on the appeal is whether or not the tax receipts issued to the plaintiff in the usual form without mention or notation of prior unpaid taxes preclude defendant Webster from asserting any right or interest under the tax sale certificate.

The drainage statute provides that sections 6760 to 6808, inclusive, R. C. 1919, shall apply to the enforcement of drainage assessments so far as such provisions are applicable, "except that a treasurer's deed issued upon a delinquent drainage assessment shall recite the fact that the title conveyed is subject to all the claims which the state or any political subdivision thereof may have thereon for annual taxes." Section 8464, R. C. 1919.

Section 6766, R. C. 1919, provides that a tax receipt shall be conclusive evidence of the payment of all prior taxes against the land described in the receipt and shall constitute a bar to the collection of prior taxes against the land unless otherwise stated in the receipt. It is also made the duty of the county treasurer to collect the oldest tax first, and the section expressly forbids the county treasurer to issue his receipt for the current year until all prior taxes have been paid. The tax sale certificate was issued to defendant Webster prior to the payment of the three annual installments by plaintiff, and, if the sixth annual installment upon which tax sale certificate issued to Webster constitutes a prior tax chargeable against the land in question the receipts issued to the plaintiff would constitute a bar to its collection.

Sections 6790 and 6795, R. C. 1919, provide:

"§ 6790. The purchaser of any tract of real property sold by the county treasurer for taxes shall be entitled to a certificate describing the land so purchased, the sum paid, and stating the

time when the purchaser will be entitled to a deed, which certificate shall be signed by the treasurer in his official capacity, and shall be presumptive evidence of the regularity of all prior proceedings. * * * In all tax sales made as provided herein the treasurer shall make out the tax receipt and duplicate for the taxes of the real property mentioned in such certificate the same as in other cases, and shall write thereon 'sold for taxes at public sale.'"

"§ 6795. Certificate to County, No Receipt, No Costs Until Redemption or Assignment. Whenever the county treasurer of any county shall bid off any real property in the name of the county, he shall make out a certificate of purchase to such county in the same manner as if sale had been made to any other person, which certificate shall be retained by the treasurer; but no tax receipt shall he issued and no amount due the state or any other fund or costs or treasurer's commission shall be paid by the county until redemption has been made from such sale or the time of redemption has expired, or until the interest of the county has been assigned. The certificate so issued to the county shall bear interest at the rate of twelve per cent per annum."

■■ These statutory provisions recognize a distinction between the sale of property to a private bidder for taxes and a sale to a county. When a purchase is made at tax sale by a private bidder, the tax is paid and the purchaser is entitled to a tax receipt. The state and the local taxing districts have no further lien upon the land for the payment of taxes. On the other hand, if the county is the purchaser, the tax remains unpaid until redemption is made, the certificate is assigned, or the land is sold by the county after title is acquired by tax deed. The sale of land to a county is merely a process for enforcing the collection of the tax. Hughes County v. Henry, 48 S. D. 98, 202 N. W. 286; Brink v. Dann et al., 33 S. D. 81, 144 N. W. 734; Fernyhough v. Rockwell, 31 S. D. 75, 139 N. W. 790.

In King et al. v. Lane, 21 S. D. 101, 110 N. W. 37, upon which the plaintiff relies, the defendant asserted adverse claim under tax title based upon the sale of land for delinquent taxes for the year 1889. The land had been sold for the same taxes to the county at the tax sale of 1890. The provisions of chapter 51, Laws of 1901, commonly known as the Scavenger Law, required

the treasurer of each county to make a list of all taxes on real property in his county which appeared from the tax records to be delinquent for the year 1899 or for prior year or years, and to include within the list taxes "upon any real estate which may at any tax sale, have been bid in for the county." The plaintiff paid taxes on the premises from the year 1891 to 1901, inclusive, and contended that the receipts issued without notation constituted conclusive evidence of the payment of the taxes for 1889 and a bar to their collection or the claim of title thereunder by defendant. This court held that the second sale by the county treasurer was without authority; that the possession of a clear tax receipt or receipts by the plaintiff was conclusive evidence that the taxes for 1889 had been paid. The purchase by the county did not result in payment of the taxes for reasons above stated, and the facts were manifestly different in that case from those in the instant case.

It is urged in the brief of respondent that drainage assessments are not taxes within the meaning of section 6766, but are special assessments. It is not necessary to consider such contention. Assuming, without deciding, that drainage assessments are within the contemplation of the provisions of this section, we conclude that the section is not here applicable. Purchase by Webster at the tax sale resulted in payment of the sixth installment of the drainage assessment, and a tax receipt subsequently issued would not bar the enforcement of the lien vested in the purchaser.

The order appealed from is affirmed.

POLLEY, WARREN, and RUDOLPH, JJ., concur.

CAMPBELL, P. J., concurs in result.